MATTER OF PERALTA

In Deportation Proceedings

A-4762365

*Decided by Board October 4, 1965*

As respondent, a native and citizen of the Philippine Islands who was admitted to the United States for permanent residence in 1928, lost his U. S. nationality on July 4, 1946 when The Philippines became an independent country, he is deportable from the United States under section 241(a)(1), Immigration and Nationality Act, as amended, since at the time of his last entry in 1950 as a returning resident he was an alien excludable under section 3 of the Immigration Act of 1917, as amended, because of his conviction in 1936 of the crime of robbery in the first degree. Although a U. S. national at the time of his conviction in 1936, pursuant to section 8(a)(1) of the Philippine Independence Act of March 24, 1934, respondent was to be considered as if he were an alien for the purposes of the Immigration Act of 1917.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under section 3, Immigration Act of 1917 [8 U.S.C. 136(e), 1946 Ed.]—convicted of crime—robbery in the first degree.

This case is before us on the appeal of the trial attorney from the special inquiry officer's order of April 19, 1965, terminating the deportation proceeding.

The respondent is a 56-year-old married male, native and citizen of the Philippines, who was admitted to the United States for permanent residence on September 19, 1928. He last entered the United States on January 15, 1950 at which time he presented a reentry permit. He was convicted of robbery in the first degree on May 8, 1936 and was sentenced to a term of five years to life, being paroled on February 5, 1940.

On October 6, 1958, a special inquiry officer concluded that the respondent was deportable on the charge stated above and directed his deportation. Subsequently, we dismissed his appeal. In 1961 the respondent applied for adjustment of his immigration status under 8 U.S.C. 1255 but the application was denied by the District

Director, the denial being affirmed by the Regional Commissioner on appeal. Thereafter, counsel submitted a motion for the purpose of securing reconsideration of the respondent's application under 8 U.S.C. 1255. On March 17, 1965, we reopened the deportation hearing. Following the reopened hearing, the special inquiry officer entered his above-mentioned order of April 19, 1965 terminating the proceeding. The sole issue is whether this action was correct.

In his decision (pp. 2 and 3), the special inquiry officer stated that the respondent was a national of the United States when he last entered the United States and that he is charged with deportability on the ground that he was excludable under section 212(a)(9) of the Immigration and Nationality Act [8 U.S.C. 1182(a)(9)]. In quoting from the latter statutory provision, the special inquiry officer emphasized the language reading "Aliens who have been convicted." Actually, the respondent last entered the United States on January 15, 1950. He lost his United States nationality on July 4, 1946 when the Philippines became an independent country. Hence, it is clear that he was an alien at the time of his last entry. In addition, deportability is not based on excludability under 8 U.S.C. 1182(a)(9) but on excludability under section 3 of the Immigration Act of 1917 which employs the language "persons who have been convicted."

As a basis for terminating the deportation proceeding, the special inquiry officer cited *Rabang* v. *Boyd*, 353 U.S. 427 (1957), and *Costello* v. *Immigration and Naturalization Service*, 376 U.S. 120 (1964). In the first case, it was held that a person who was a national of the United States, by virtue of birth in the Philippine Islands, became an alien on July 4, 1946 regardless of the fact that he had permanent residence in continental United States on that date. The court concluded that Rabang was deportable on the basis of a narcotic conviction in 1951. The Costello case involved a deportation proceeding under 8 U.S.C. 1251(a)(4) based on two convictions after entry. The court held that this statutory provision did not apply to a person who was a naturalized citizen of the United States at the time he was convicted but who was later denaturalized.

- There is an important distinction between the *Costello* case and that of the respondent in view of section 8(a)(1) of the Philippine Independence Act of March 24, 1934 [48 Stat. 456; 48 U.S.C. 1238, 1940 ed.], which became effective on May 1, 1934. It was there provided as follows: "For the purposes of the Immigration Act of 1917, the Immigration Act of 1924 (except section 13(c)), this section, and all other laws of the United States relating to the immi-

gration, exclusion, or expulsion of aliens, citizens of the Philippine Islands who are not citizens of the United States shall be considered as if they were aliens." This statutory provision was in effect when the respondent was convicted on May 8, 1936. At that time, he was actually a national of the United States. For the purpose of the Immigration Act of 1917, however, he was to be considered as if he were an alien. For that reason, the Costello decision is not controlling in the respondent's case.

We have also considered the possible applicability to the respondent's case of *Mangaoang v. Boyd*, 205 F.2d 553 (9th Cir., 1953), cert. den. 346 U.S. 876. When that case was before this Board, we had held that he was deportable under the Act of 1918, as amended by the Internal Security Act of 1950, upon a finding that he had been a member of the Communist Party from about February 1938 to December 1939. *Matter of M—*, 4 I. & N. Dec. 569 (1951). Mangaoang arrived in continental United States for permanent residence in 1926 and had never left this country. In concluding that Mangaoang was not deportable, the Court of Appeals was of the opinion that it was necessary, under the Act of 1918 as amended in 1950, for membership in the Communist Party and alienage to exist simultaneously. However, the decision was also based on other factors, that is, the possible doubt as to whether the reference in the Act of March 24, 1934 to all other immigration laws would apply to the legislation enacted in 1950; the fact that the 1934 legislation became completely obsolete on July 4, 1946; the question of whether the word "aliens" in the 1950 Act was broad enough to include persons who were actually nationals of the United States but who were to be considered as if they were aliens under the Act of March 24, 1934; and the fact that Mangaoang's arrival in continental United States in 1926, being prior to the 1934 Act, did not constitute an "entry" for immigration purposes since he was not then an alien for any purpose but was a national of the United States. In view of these other factors involved in the Mangaoang case, we do not consider that case to be analogous to that of the respondent.

When the respondent last entered the United States on January 15, 1950, he was an alien for all purposes and he was then excludable under section 3 of the Immigration Act of 1917 as a *person* who had been convicted of a crime involving moral turpitude. Accordingly, we adhere to the conclusion in our order of January 29, 1959 that the respondent is deportable on the charge stated above. In that order, we stated that the respondent met the statutory requirements under 8 U.S.C. 1182(c) but that relief was denied in the exercise of discretion. Counsel's motion seeks reconsideration of the respond-

ent's application under 8 U.S.C. 1255. In view of the foregoing, we will withdraw the special inquiry officer's order terminating the deportation proceeding and will reopen the hearing in order that the respondent may be afforded a further opportunity to submit such applications as appropriate for relief from deportation. The Service and the respondent may present any pertinent evidence.

**ORDER:** It is ordered that the special inquiry officer's order of April 19, 1965, terminating the deportation proceeding, be withdrawn.

*It is further ordered* that the hearing be reopened for further proceedings in accordance with the foregoing and that the case be remanded to the special inquiry officer.